UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLARENCE AND ROXANNE FITCH | CIVIL ACTION |
| VERSUS | NO. 06-3235 |
| SETTOON TOWING, L.L.C. and<br>G & C TOWING, L.L.C. | SECTION: "C" (2) |

**ORDER & REASONS** [1]

Before the court is a Motion to Alter/Amend Judgment filed by Plaintiffs Roxanne and Clarence Fitch ("the Fitches") (Rec. Doc. 59) and an Answer to Plaintiffs' Motion by Defendants, Settoon Towing, L.L.C. and G & C Towing L.L.C. ("Settoon"). (Rec. Doc. 60). Plaintiffs outline two specific reasons why the judgment should be amended: 1) to allow for current payment of future medicals, and 2) to allow for pre-judgment interest in accordance with the established jurisprudence. (Rec. Doc. 59).

Regarding the award for future surgery, in reviewing the relevant case law, it is apparent that awarding expenses for future surgery at the time of judgment is in line with past precedent. In *Nichols v. Weeks Marine, Inc.*, Judge Fallon awarded a plaintiff $ 15,000.00 for future

---

[1] Jacob Goehring, a third year law student at the University of Alabama, assisted in the preparation of this decision.

1

medical expenses where the seaman injured his knee and would undergo a future surgery. 513 F. Supp. 2d 627, 637 (E.D. La., 2007). Therefore, since precedent suggests that it is appropriate for payment for a future surgery to be made at the time of Judgment, this Court GRANTS Plaintiffs' Motion to Alter/ Amend Judgment to allow for present payment of future surgery.

Plaintiffs also request pre-judgment interest for the damages awarded because, as stated in *Reeled Tubing v. F/V Chad G*, "[p]rejudgment interest under the general maritime law is 'well-nigh automatic.'" 794 F.2d at 1028 (5th Cir. 1986). Furthermore, "[d]iscretion to deny pre-judgment interest is created only where there are 'peculiar circumstances' that would make it inequitable for the losing party to pay pre-judgment interest." *Noritake C., Inc. v. M/V Hellenic Champion,* 627 F.2d 724 (5th Cir. 1980). In Plaintiffs' case, no such "peculiar circumstances" exist. However, it is also "[w]ell established that pre-judgment interest is not available on future damages." *Jauch v. Nautical Services, Inc.*, 470 F.3d 207, 215 (5th Cir. 2006). Therefore, this Court GRANTS Plaintiffs' Motion to Alter/ Amend Judgment and awards damages as described below:

1. Past damage to the Lady Taylor - $ 9,725.00;
2. Past wage loss for Mrs. Fitch - $ 27,738.00;
3. Past medical expenses - $ 15,246.18;
4. Past general damages - $ 125,000.00

Pre-judgment interest on said sums shall accrue at the statutory rate.

5. Future wage loss for Mrs. Fitch - $ 100,000.00;
6. Future surgery - $ 109,850.00; and

       7.       Future general damages - $ 110,000.00

Interest on present and future damages as set forth above shall be calculated pursuant to 28 U.S.C. § 1961. In all other respects the original judgment shall remain unchanged.

## V. CONCLUSION

Accordingly,

       IT IS ORDERED that the Fitch's Motion to Alter/Amend is Granted. (Rec. Doc. 59).

       New Orleans, Louisiana, this 14th day of July, 2008.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE